COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Senior Judge Willis
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.    Record No. 2204-02-3      JUDGE JERE M. H. WILLIS, JR.
                                    FEBRUARY 4, 2003
MICHAEL JAMES RIGNEY


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
B. A. Davis, III, Judge Designate

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellant.

Henry G. Crider for appellee.


On appeal from the trial court's suppression of Michael James

Rigney's statements, the Commonwealth argues that Rigney was not

in custody when interrogated and, thus, the officer was not

required to advise him of his rights pursuant to Miranda v.

Arizona, 384 U.S. 436 (1966). We reverse the trial court's

suppression of Rigney's statements and remand the case for trial,

if the Commonwealth be so advised.

BACKGROUND

Deputy Sheriff H. Gatewood received a Crimestoppers tip

that Rigney, a convicted felon, possessed firearms in his home.

Having confirmed that Rigney had been convicted of a felony,

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Gatewood went to Rigney's home wearing his uniform and holstered weapon. Rigney's wife invited Gatewood in. Upon entering the home, Gatewood saw a gun cabinet containing firearms. Rigney's wife awakened Rigney and told him the deputy wanted to speak to him. Gatewood told Rigney of the complaint and stated he needed to speak with him about it and would record the conversation. Rigney agreed, and they sat at Rigney's kitchen table. Rigney admitted being a convicted felon and possessing one firearm in the gun cabinet and another that his brother had in his truck. Rigney acknowledged that he was not allowed to possess firearms. Gatewood told Rigney he would not arrest him then, but that an indictment would likely follow. After seizing the weapons, Gatewood left the home.

## ANALYSIS

> When a motion to suppress is reviewed on appeal, the burden is on the appellant to show that the ruling, when the evidence is considered in the light most favorable to the [prevailing party below], constituted reversible error. We review the trial court's findings of historical fact only for "clear error," but we review de novo the trial court's application of defined legal standards, such as "reasonable suspicion" and "custodial interrogation," to the particular facts of a case.

Ford v. Commonwealth, 28 Va. App. 249, 255, 503 S.E.2d 803, 805 (1998) (citations omitted). "'[P]olice officers are not required to administer Miranda warnings to everyone whom they

-

question,' and Miranda warnings are not required when the interviewee's freedom has not been so restricted as to render him or her 'in custody.'" Harris v. Commonwealth, 27 Va. App. 554, 564, 500 S.E.2d 257, 261-62 (1998) (citation omitted).

> Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." The totality of the circumstances viewed from the viewpoint of a reasonable person in the suspect's position must be considered when determining whether the suspect is in custody when questioned. "It is only when a suspect's freedom of movement is curtailed to a degree associated with formal arrest that the suspect is entitled to the full protection of Miranda."

Taylor v. Commonwealth, 10 Va. App. 260, 267, 391 S.E.2d 592, 596 (1990) (citations omitted).

Gatewood's assertion that he suspected Rigney was a convicted felon in possession of firearms did not transform the conversation into a custodial interrogation. "The Miranda warnings are not required merely because . . . the investigation has centered on the person being questioned." Kauffmann v. Commonwealth, 8 Va. App. 400, 404-05, 383 S.E.2d 279, 281 (1989) (citing Oregon v. Mathiason, 429 U.S. 492, 495 (1977)).

> Among the circumstances to be considered when making the determination of whether a suspect was "in custody" are (1) the manner in which the individual is summoned by the police, (2) the familiarity or neutrality of the surroundings, (3) the number of officers

-

present, (4) the degree of physical restraint, (5) the duration and character of the interrogation, and (6) the extent to which the officers' beliefs concerning the potential culpability of the individual being questioned were manifested to the individual. No single factor is dispositive of the issue.

Harris, 27 Va. App. at 565, 500 S.E.2d at 262 (citations omitted).

Gatewood was invited into Rigney's home by Rigney's wife. He announced his purpose and sat at the kitchen table with Rigney to discuss his investigation. Although Gatewood was armed, he never drew his weapon or otherwise threatened Rigney. He told Rigney he was not going to arrest him and, despite Rigney's confession and the presence of the firearms, left the home without arresting him. Rigney's freedom of movement was not curtailed to any degree associated with arrest. Under these circumstances, a reasonable person would not have felt compelled to speak with the officer or unable to ask him to leave the home.

Rigney's reliance on Wass v. Commonwealth, 5 Va. App. 27, 359 S.E.2d 836 (1987), is misplaced. In Wass, the law enforcement presence, in number, character and action, resembled a military operation and was so overwhelming that no reasonable person would have felt free to resist any demand made on him. Id. at 34, 359 S.E.2d at 840. Here, Rigney met one deputy

sheriff, in his own home, seated at his own kitchen table, a familiar and neutral place.  The encounter consisted of a calm discussion about the allegation, with no show of force or any physical restraint.  Thus, the encounter was consensual, not custodial, and <u>Miranda</u> warnings were not required.

The trial court erred by granting the motion to suppress Rigney's statements.  Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings, should the Commonwealth be so advised.

<u>Reversed and remanded.</u>